# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DIJON T. DIXON,**

                **Plaintiff,**

      v.                                                            CASE NO. 19-3153-SAC

**(FNU) FOREMAN, et al.,**

                **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Dijon T. Dixon, a prisoner at the Leavenworth Detention Center (CoreCivic-Leavenworth) in Leavenworth, Kansas, brings this *pro se* civil rights action. Plaintiff proceeds *in forma pauperis*. For the reasons discussed below, Plaintiff is ordered to show cause why his complaint should not be dismissed.

## I. Nature of the Matter before the Court

Plaintiff's complaint (ECF No. 1) raises various claims related to the conditions of his confinement. Mr. Dixon states that he was moved to a cell on the segregation unit on July 1, 2019 at 11:45 a.m. He signed for bedding, but he was not given any bedding until 2:00 a.m. He further alleges the floor in the segregation cell was flooded with water from the toilet. He asked for the mop and bucket to clean it up, but, again, no one brought it to him. The next morning, he jumped down from the top bunk and slipped in the water, spraining his ankle. Mr. Dixon asked for medical attention, and two nurses came but did nothing other than say the doctor would be in later that morning. Plaintiff alleges he never saw the doctor but was given pain medication.

1

Lastly, Mr. Dixon claims he was in the sally port on the way to the recreation yard and was assaulted by Joe Nic, another inmate.

Plaintiff names five defendants, Corrections Officer Foreman, Corrections Officer Ali, the two nurses, and Joe Nic. Mr. Dixon alleges violation of his Eighth Amendment rights. He seeks damages of $1.2 million.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to

relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

### A. Failure to State a Cause of Action against Defendants

Mr. Dixon purports to bring his complaint under 42 U.S.C. § 1983. "To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48–49 (1988) (citations omitted). A defendant acts "under color of state law" when he "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* at 49 (citations omitted).

All of the defendants are employees of private corporations or, in the case of Joe Nic, private individuals. "In order to hold a private individual liable under § 1983 for a constitutional violation requiring state action, a plaintiff must show under *Lugar*, ... that the individual's conduct is 'fairly attributable to the State.'" *Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir. 1996) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). The requirement is satisfied if two conditions are met. First, the deprivation "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1207–08 (10th Cir. 2005), *cert. denied* 547 U.S. 1111 (2006) (citing *Lugar*, 457 U.S. at 937). Second, the private party must have "acted together with or [ ] obtained significant aid from state officials" or engaged in conduct "otherwise chargeable to the State." *Id.* at 1208.

Plaintiff alleges no facts to support an inference that Defendants were acting under state law or in conspiracy with any state official. Plaintiff also makes no allegation that Defendants

obtained significant aid from the state of Kansas or any other state or state officials, or that Defendants engaged in conduct otherwise chargeable to the State. *See McKeighan v. Corr. Corp. of Am.*, No. 08-3173-SAC, 2008 WL 3822892, at *3 (D. Kan. 2008) (finding CCA not a "person" amenable to suit under § 1983, and CCA employees not acting under color of state law). Plaintiff provides no factual claim or support for a claim that Defendants acted under color of state law. Therefore, Plaintiff fails to state a claim for relief under 42 U.S.C. § 1983.

Nor does Plaintiff have an established cause of action against Defendants under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 395–97 (1971). *Bivens* held that "plaintiffs may sue federal officials in their individual capacities for damages for Fourth Amendment violations, even in the absence of an express statutory cause of action analogous to 42 U.S.C. § 1983." *Id.; Carlson v. Green,* 446 U.S. 14, 18 (1980) (recognizing a parallel cause of action for Eighth Amendment violations). However, the proper defendant in a *Bivens* action is a federal official or agent, not a private corporation or its employees. *See Correctional Services Corp. v. Malesko,* 534 U.S. 61. 71-73 (2001) (holding that *Bivens* action does not lie against a private corporation operating a halfway house under contract with the Bureau of Prisons); *Minneci v. Pollard*, 565 U.S. 118, 120-21 (2012) (refusing to imply the existence of a *Bivens* action where state tort law authorizes alternate action providing deterrence and compensation); *Peoples v. CCA Detention Centers,* 422 F.3d 1090, 1101 (10th Cir. 2005) (finding no right of action for damages under *Bivens* against employees of a private prison for alleged constitutional deprivations, when alternative state causes of action for damages are available to the plaintiff.).

Plaintiffs' remedy against CoreCivic and its employees, if any, is an action in state court for negligence or other misconduct. Kansas law provides a remedy in state court against private

tortfeasors for actions amounting to negligence. *See Peoples,* 422 F.3d at 1105. Because Plaintiff has an alternative Kansas cause of action, he is precluded from asserting a *Bivens* action in federal court against the CoreCivic defendants.

Plaintiff will be given time to show cause why this action should not be dismissed for failure to present a cause of action against Defendants under either § 1983 or § 1331 and *Bivens.*

**B. Other Deficiencies with the Complaint**

Even if Plaintiff were not precluded from proceeding against these defendants in federal court, there are other problems with his complaint.

Most importantly, the complaint fails to state a constitutional claim. The Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Supreme Court has acknowledged that the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Indeed, prison conditions may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). "Under the Eighth Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001); *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998); *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001).

In order to state a claim of cruel and unusual punishment, the plaintiff has to establish "deliberate indifference." The deliberate indifference standard includes both an objective and

subjective component. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir.2005). To satisfy the objective component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Martinez*, 430 F.3d at 1304. The objective component is met only if the condition complained of is "sufficiently serious." *Farmer*, 511 U.S. at 832.

With regard to the subjective component, the plaintiff must prove that the defendant acted with a culpable state of mind. *Farmer*, 511 U.S. at 834, 837 ("[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."); *McBride*, 240 F.3d at 1291; *Despain v. Uphoff*, 264 F.3d 965, 975 (10th Cir. 2001)(Deliberate indifference "requires both knowledge and disregard of possible risks."). It is not enough to establish that the official should have known of the risk of harm. *Farmer*, 511 U.S. at 837–38; *Barney*, 143 F.3d at 1310.

Because the sufficiency of a conditions of confinement claim depends upon "the particular facts of each situation[,] the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered." *Despain*, 264 F.3d at 974 (*quoting Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)). "While no single factor controls . . . the length of exposure to the conditions is often of prime importance." *Id.*; *Barney*, 143 F.3d 1311. As the severity of the conditions to which an inmate is exposed increases, the length of exposure required to make out a constitutional violation decreases. Accordingly, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while substantial deprivations. . . may meet the standard despite a shorter duration." *Id.*

Plaintiff's complaint that he was not provided with bedding for less than 24 hours does not rise to the level of a constitutional violation. *See Burdex v. Wyatt*, 2011 WL 864849, at *10 (W. D. Okla. Jan. 27, 2011), *report and recommendation adopted*, 2011 WL 864839 (W. D. Okla. Mar. 10, 2011) (claim that inmate was required to sleep on a mattress on the floor for an unspecified period of time before being moved to the bunk bed does not rise to the level of a constitutional violation) (*citing Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985)(fact that inmate may have to sleep temporarily upon a mattress on the floor when a bunk is not available does not in itself rise to the level of a constitutional violation)); *see also Bell v. Wolfish*, 441 U.S. 520, 534 (1979)(the fact that the conditions of pretrial detention may interfere with a person's desire to live as comfortably as possible and with as little restraint as possible dose not convert the conditions in the jail facility to "punishment" within the constitutional sense). Plaintiff must allege facts showing some serious adverse effects from spending a portion of one night without bedding. *See Dittmeyer v. Whetsel*, 91 F. App'x. 111, 119 (10th Cir. 2004) (plaintiff did not show how overcrowding injured him).

Plaintiff's allegation about water from the toilet covering the floor of the cell also does not state a constitutional violation. Courts have recognized that inmate exposure to sewage can constitute a serious risk to health. Nonetheless, the frequency and duration of the condition must be considered is assessing whether the condition is sufficiently serious to support a constitutional claim. *Shannon*, 257 F.3d at 1168. For example, a "filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months." *Hutto v. Finney*, 437 U.S. 678, 686–87 (1978). "Courts have repeatedly held that similar and far worse conditions fail to state a claim because of the brief nature of the incarceration." *Barney*, 143 F.3d at 1311 (*citing Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir. 1994)(deplorably filthy and

8

patently offensive cell with excrement and vomit not unconstitutional because conditions lasted only for 24 hours); *White v. Nix*, 7 F.3d 120, 121 (8th Cir. 1993)(eleven day stay in unsanitary cell not unconstitutional because of relative brevity of stay and availability of cleaning supplies); *Harris v. Fleming*, 839 F.2d 1232, 1235–36 (7th Cir. 1988)(five day stay in "filthy, roach-infested cell" not unconstitutional); *Ogbolu v. McLemore*, 107 F.3d 21, *2 (10th Cir. 1997) (cold, wet, drafty, and unsanitary cell for two days does not violate Eighth Amendment). Here, Plaintiff alleges the condition lasted for a matter of hours.

In addition, to state a claim, Plaintiff must show that a named defendant was personally responsible for the conditions under which Plaintiff was held in the jail. Also, to the extent that Plaintiff's claim is based on the smell of urine and feces without more, Plaintiff's failure to cite evidence of physical injury to him from this condition precludes the claim. *See Dickinson v. New Mexico Behavioral Health Institute*, 335 F. App'x. 729, 734 (10th Cir. 2009) (where plaintiff alleged unit was unsanitary and smelled of urine and feces, he could not recover compensatory damages absent proof of physical injury from the conditions); *cf. McBride v. Deer*, 240 F.3d 1287, 1292 (10th Cir. 2001).

As for Plaintiff's claim that he slipped on the water and injured his ankle, allegations of a slip and fall are simply insufficient to state claim under the Eighth Amendment. *See Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) ("Simply put, "[a] 'slip and fall,' without more, does not amount to cruel and unusual punishment. . . ."). Claims under § 1983 may not be predicated on mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986)(holding that inmate who slipped on a pillow negligently left on a stairway by sheriff's deputy failed to allege a constitutional violation); *see also Medina v. City and County of Denver*, 960 F.2d 1493, 1500 (10th Cir. 1992)("negligence and gross negligence do not give rise to section 1983 liability").

9

Plaintiff's complaint about the medical care he received for his sprained ankle also fails to state a constitutional claim. Claims related to medical care in prison also fall under the Eighth Amendment. An inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." *Estelle,* 429 U.S. at 106. As discussed above, the "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." *Miller v. Glanz,* 948 F.2d 1562, 1569 (10th Cir. 1991); *Martinez,* 430 F.3d at 1304.

Here, Plaintiff received medical attention. While he disagrees with the assessment and treatment provided by the medical staff, a mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment. *See Estelle*, 429 U.S. at 106–07; *Handy v. Price*, 996 F.2d 1064, 1067 (10th Cir. 1993)(affirming that a quarrel between a prison inmate and the doctor as to the appropriate treatment for hepatitis did not successfully raise an Eighth Amendment claim); *Ledoux v. Davies*, 961 F.2d 1536 (10th Cir. 1992)(Plaintiff's contention that he was denied treatment by a specialist is insufficient to establish a constitutional violation.); *El'Amin v. Pearce*, 750 F.2d 829, 833 (10th Cir. 1984)(A mere difference of opinion over the adequacy of medical treatment received cannot provide the basis for an Eighth Amendment claim.).

Finally, Plaintiff has not stated a claim in connection with the alleged attack by another inmate. While the Supreme Court has made clear that prison and jail officials have a duty to ensure the safety and protection of inmates (*see Farmer*, 511 U.S. at 833–34), not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for

prison officials responsible for the victim's safety." *Id.* at 834. A prison official may be held to have violated the Eighth Amendment only when two components are satisfied: an objective component requiring the inmate show he was "incarcerated under conditions posing a substantial risk of serious harm;" and a subjective component requiring that defendants acted with the culpable state of mind referred to as "deliberate indifference." *Id.*; *Wilson*, 501 U.S. at 299. Deliberate indifference exists when an official "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837; *Gonzales v. Martinez*, 403 F.3d 1179, 1186 (10th Cir. 2005), *cert. denied*, 546 U.S. 1003 (2005). A prison official's "failure to alleviate a significant risk that he should have perceived but did not" does not amount to the infliction of cruel and unusual punishment. *Id.* at 838. It follows that plaintiff must allege facts indicating that defendants actually knew of but disregarded a serious risk to him, rather than that they should have been aware of possible danger. *Id.* The mere fact that an assault occurred does not establish the requisite deliberate indifference to plaintiff's constitutional rights. *Hovater v. Robinson*, 1 F.3d 1063, 1068 (10th Cir. 1993). Nor does an isolated attack by another inmate demonstrate a failure to protect.

## VI. Response Required

For the reasons stated herein, it appears that Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why his complaint should not be dismissed. Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **March 10, 2020**, in which to show good cause, in writing, why his complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

DATED: This 10th day of February, 2020, at Topeka, Kansas.

> s/ Sam A. Crow
> **SAM A. CROW**
> **U.S. Senior District Judge**