IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DIJON T. DIXON,

                          Plaintiff,

       v.                                                   CASE NO. 19-3153-SAC

(FNU) FOREMAN, et al.,

                          Defendants.

## MEMORANDUM AND ORDER

Plaintiff Dijon T. Dixon, a prisoner being held at the Leavenworth Detention Center (CoreCivic-Leavenworth) in Leavenworth, Kansas, at the time of filing, brings this *pro se* civil rights action. Plaintiff proceeds *in forma pauperis*. Plaintiff's complaint (ECF No. 1) raises various claims related to the conditions of his confinement. He names five defendants: Corrections Officer Foreman, Corrections Officer Ali, the two nurses, and Joe Nic. Mr. Dixon alleges violation of his Eighth Amendment rights.

On February 10, 2020, the Court entered a Memorandum and Order to Show Cause (MOSC) (ECF No. 7), ordering Plaintiff to show cause by March 10, 2020, why his complaint should not be dismissed due to the deficiencies set forth in the MOSC. The copy of the MOSC mailed to Plaintiff was returned to the clerk's office on February 24, 2020. It was remailed that day to Plaintiff at USP-Big Sandy, his current location pursuant to the Federal Bureau of Prisons. The MOSC stated that if Plaintiff failed within the time allotted to file a response, this action could be dismissed without further notice. Plaintiff has not responded to the MOSC.

As explained in the MOSC, Plaintiff failed to present a cause of action against Defendants under either 42 U.S.C. § 1983 or 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 395–97 (1971). He provided no factual claim or support for a claim that Defendants acted under color of state law, therefore failing to state a claim for relief under § 1983, and he has no right of action for damages under *Bivens* against Defendants, who are employees of a private prison, for alleged constitutional deprivations because alternative state causes of action for damages are available to him. *See McKeighan v. Corr. Corp. of Am.*, No. 08-3173-SAC, 2008 WL 3822892, at *3 (D. Kan. 2008); *Correctional Services Corp. v. Malesko,* 534 U.S. 61. 71-73 (2001); *Peoples v. CCA Detention Centers,* 422 F.3d 1090, 1101 (10th Cir. 2005).

Moreover, the Court explained in the MOSC that even if Plaintiff were not precluded from proceeding against these defendants in federal court, the complaint fails to state a claim for violation of Plaintiff's rights under the U.S. Constitution. Plaintiff's allegations either do not rise to the level of seriousness required for an Eighth Amendment violation, involve allegations of negligence, or otherwise do not meet the deliberate indifference standard. *See* MOSC, ECF No. 7, at pp. 6-11.

For the reasons stated herein, Plaintiff's complaint must be dismissed.

**IT IS THEREFORE ORDERED** that this action is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: This 10th day of April, 2020, at Topeka, Kansas.

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**